## STOCKMANN v. ALLEN.

(Court of Appeals of District of Columbia. Submitted February 6, 1925. Decided March 2, 1925.)

No. 4141.

Appeal and error ⬦695(1)—Question of fact held not reviewable for want of evidence considered by trial court.

In administrator's action to recover overpayment to distributee of estate, where question of fact presented was determined in trial court in part from probate records, and where such records were not made part of record on appeal, question was not reviewable, for want of evidence on which trial court acted.

In Error to the Municipal Court of District of Columbia.

Action by John J. Allen against Annie P. Stockmann. Judgment for plaintiff, and defendant brings error. Judgment affirmed.

W. S. Porter, of Washington, D. C., for plaintiff in error.

L. A. Rover, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. John J. Allen, as plaintiff, filed a complaint in the municipal court against Annie F. Stockmann, as defendant, alleging therein that he had served as the administrator of the estate of her brother, William Stockmann, deceased; that the defendant was entitled to a one-third distributive share of the estate; that the plaintiff's second and final account as administra-

tor had been filed, and duly approved by the probate court of the District; that the defendant's distributive share of the estate amounted to $385.46; that through a mistake of fact the plaintiff had paid the defendant the sum of $535.92 as and for her said share, and that the defendant had also wrongfully collected $62 in rents due the estate; that plaintiff accordingly had overpaid the defendant in the sum of $212.46; that he had reimbursed the estate for said overpayment, but defendant had refused to repay the same to him. Wherefore he prayed judgment. The defendant answered, admitting that her distributive share of the estate was $385.46, but alleging that plaintiff had paid her only $163 thereon, and that he was still indebted to her in the sum of $222.46, for which she prayed judgment. The issue was heard by the court upon the evidence, and judgment was entered for the plaintiff in the sum of $210. The present proceeding is brought for a review of the record.

The bill of exceptions discloses that certain items of debit and credit arose between the defendant and the plaintiff as administrator as part of the settlement of the estate. One of these was a certain judgment recovered by the defendant against the estate in the sum of $1,469.30, upon a claim for services rendered to the decedent in his lifetime. Another was a payment by the plaintiff as administrator to defendant, through her attorneys, of the sum of $382.98 upon this judgment. In addition to this, certain real estate of the decedent was made over to the defendant at the agreed price of $1,400. These transactions took place before the filing of plaintiff's second and final account as administrator of the estate, and it is certain that the question of fact involved in this case cannot be passed upon without an examination of the accounts and vouchers of the administrators as approved by the probate court. At the trial below the plaintiff introduced these records and other papers in evidence. The bill of exceptions, however, contains no copy of any of these documents, nor any statement whatever as to their contents, nor are they in any manner exhibited to this court either in whole or in part in the record now before us. This omission is a fatal defect in the record, and it defeats each and all of the several assignments of error presented in her behalf; for the question in dispute is one of fact only, and cannot be decided in the absence of the testimony upon which the trial court based its decision.

Furthermore it is fairly implied by the

record that, when the parties speak of the payments made by the plaintiff as administrator to the defendant as distributee, they are referring to advances made or credits given by the administrator to the defendant prior to the settlement of the second and final account, and not to cash payments made after that time. This fact appears from the respective bills of particulars of the parties. In the plaintiff's bill the charge is as follows, to wit: "To amount advanced to Annie F. Stockman, $535.92"—followed by a charge of $62 for rent wrongfully collected. In the defendant's bill the credit is as follows, to wit: "To amount advanced Annie F. Stockman, $163.00." The question, therefore, relates to the amount which was advanced by the plaintiff as administrator to the defendant in the course of the administration of the estate. The accounts and vouchers of the administrator were in evidence before the trial court, and the plaintiff there contended that "the entire record of the proceedings of the probate court showed that the defendant had been paid more than her distributive share." The lower court made its finding accordingly, saying "that the defendant was bound by the record and that the record speaks for itself." This does not signify that the trial court undertook to correct or reform the records of the probate court, but that it found them to be convincing proof in support of the plaintiff's claim. The absence of this testimony from the record prevents a present review of that finding. The lower court plainly had jurisdiction to adjudicate the question of fact which was in dispute between the parties, and no error of law appears which requires a reversal of its judgment.

Accordingly the judgment of the lower court is affirmed, at the costs of the plaintiff in error.